UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED

AUG 2 2005

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES EDWARD VAN EPP, JR.          :
                                   :
v.                                 :     C.A. No. 04-457T
                                   :
BROWN UNIVERSITY, et. al.          :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is presently before the Court on a Motion to Dismiss (Document No. 4) (the "Motion") filed by Defendants Brown University, Paul Williard, Lynn Rossi and Roberta Gordon ("Defendants"). Defendants seek dismissal pursuant to Fed. R. Civ. P. 4(m), 12(b)(1), 12(b)(5) and 12(b)(6). Plaintiff James Edward Van Epp ("Plaintiff"), filed a timely Objection to Defendants' Motion to Dismiss (the "Objection") (Document No. 5).

The Motion has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); D.R.I. Local R. 32(c). A hearing was held on June 29, 2005. After reviewing the Motion and the Objection, in addition to performing independent research, this Court recommends that Defendants' Motion to Dismiss (Document No. 4) be GRANTED.

### Facts

Plaintiff filed his Complaint on October 25, 2004 claiming that the individual Defendants are responsible for the loss of his job at Brown University. Further, Plaintiff alleges that Brown University is liable for failing to follow its own internal procedures and that Brown University, as well as the individual Defendants, caused damage to his professional reputation. See Compl. ¶ IV.

On March 15, 2005, the District Court issued a Show Cause Order which required that Plaintiff show cause why his case should not be dismissed for failure to serve Defendants as required under Rule 4, Fed. R. Civ. P. (Document No. 2). Plaintiff then served Defendants with a copy of the Complaint and Summons and filed a notice with the Court responding to the Show Cause Order. (Document No. 3). Then, on April 28, 2005, Defendants filed the present Motion, seeking to dismiss the case for failure to comply with Rule 4, Fed. R. Civ. P,[1] for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to comply with certain administrative procedures.[2] (Document No. 4). Plaintiff filed an Objection to the Motion to Dismiss, clarifying that his claims are limited to claims regarding "professional defamation" he allegedly suffered as a result of, or in the course of, having his employment with Brown University terminated. (Document No. 5). Further, the Reply clarifies that "nowhere is age or discrimination mentioned" in his Complaint before this Court. Id.

## Standard of Review

Federal courts are courts of limited subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377 (1994). There are two possible sources of subject matter jurisdiction for a federal court: diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331. The existence of subject matter jurisdiction is not to be presumed.

---

[1] At the Oral Argument on this Motion, the Court informed the parties that it intended to excuse Plaintiff's failure to comply with the 120-day limit set forth in Rule 4, Fed. R. Civ. P. The Court noted Plaintiff's pro se status and his timely response to the District Court's Show Cause Order. Therefore, as stated at the Oral Argument, Plaintiff's failure to comply with Rule 4 will not serve any basis for the Court's dismissal of this action.

[2] Plaintiff previously filed two separate Charges of Discrimination with the Rhode Island Commission for Human Rights alleging age discrimination under the ADEA. The second Charge was deemed duplicative, and was administratively closed. The first Charge resulted in a Notice of Right to Sue. As set forth in Plaintiff's pleadings, however, he makes clear that the claims alleged in this case are unrelated to those that formed the basis of his Charges with the Rhode Island Commission for Human Rights.

Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). Rather, "federal courts...must satisfy themselves that subject-matter jurisdiction has been established...." Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) citing Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

In determining whether subject matter jurisdiction exists, the Court reads the allegations of the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiff. Puerto Rico Tel. Co. v. Telecomm. Regulatory Bd. of Puerto Rico, 189 F.3d 1, 7 (1st Cir. 1999) citing Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994); see also Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir.1996). Further, the Court is "mindful that the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Id., citing Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir.1993).

I.  **Diversity Jurisdiction**

In order to establish subject matter jurisdiction based on the diversity of the parties, there must be complete diversity of citizenship among all parties, and the amount in controversy must exceed $75,000.00, exclusive of interests and costs. See 28 U.S.C. § 1332. "Diversity jurisdiction requires, inter alia, complete diversity of citizenship between all plaintiffs, on one hand, and all defendants, on the second hand." Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth., 207 F.3d 21, 27 (1st Cir. 2000) citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). In the present case, there is not diversity of citizenship between Plaintiff and all of Defendants. Plaintiff is a resident of the State of Rhode Island. Similarly, Defendants Paul Williard and Lynn Rossi are residents of the State of Rhode Island. Brown University is a Rhode Island Corporation, and Roberta Gordon is a resident of the Commonwealth of Massachusetts. (See Document No. 7).

522 U.S. 156, 164 (1997). In this case, there is no federal cause of action plead in the Complaint. In fact, at the June 29 hearing, Plaintiff conceded that he may have brought this case in the wrong court, and clarified that his claims concern "professional defamation," which is a state law claim, and not a federal claim. Accordingly, there is no basis for federal question jurisdiction.

## Conclusion

For the reasons discussed above, I recommend that Defendants' Motion to Dismiss (Document No. 4) be GRANTED and that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE due to the lack of any actual or even arguable basis for subject matter jurisdiction in federal court. Any objection to this Report and Recommendation must be specific and must be filed Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to

review by the District Court and the right to appeal the District Court's decision. See <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ *signature*
_____
LINCOLN D. ALMOND
United States Magistrate Judge
August 2, 2005

Accepted in the absence of an objection.

/s/ Ernest C. Torres
_____
Ernest C. Torres
Chief, U.S. District Judge
Date: 9/20/05